IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AFFINITY FINANCIAL CORPORATION<br><br>and<br><br>WATERFIELD FINANCIAL SERVICES, INC.<br>    Plaintiffs,<br><br>vs.<br><br>AARP FINANCIAL, INC.,<br>    Defendant. | Civil Case. No. 10-2055 (RMU) |

**DEFENDANT'S REPLY IN SUPPORT OF**
**MOTION TO VACATE ARBITRATION AWARD**

Defendant AARP Financial, Inc. ("AFI"), by and through its undersigned counsel, files this Reply in Support of its Motion to Vacate Arbitration Award. This Court should deny Plaintiffs' Petition for Confirmation and vacate the arbitration Award entered on October 27, 2010.

**I.    Introduction**

The Opposition of Affinity/Waterfield to AFI's Motion to Vacate is far more significant for what it ignores than what it addresses. A brief summary of AFI's key points in its Motion to Vacate and Affinity/Waterfield's response (or non response) thereto is as follows:

1.    AFI's Argument: The Arbitration Panel exceeded its authority by ignoring the

plain and unambiguous contract language that the $1.25M paid at the outset of the

Services Agreement was a "guaranteed, non-refundable payment. . . ." (Services Agreement § 6.1(e).)

Affinity/Waterfield's Response: When the parties have submitted a dispute over the meaning of the language of a contract to arbitration, the award may not be overturned on the grounds that the arbitrator misread the contract. However, Affinity/Waterfield <u>never</u> argues that the "non-refundable" language in § 6.1(e) is ambiguous, required any construction, or was given any.

2. AFI's Argument: The Panel acted in manifest disregard of the law when it awarded $1.5M in other, unspecified damages at the same time that it found that Affinity/Waterfield had been in default under the contract, that it could not perform the contract at all by March 2010, and that it was the cause of its termination.

Affinity/Waterfield's Response: Affinity/Waterfield does not dispute the legal principle cited by AFI limiting the right of a breaching party to damages, that it was applicable here, and that the Panel ignored it. All that Affinity/Waterfield offers is a misstatement of AFI's argument.

3. AFI's Argument: The Panel exceeded its authority by failing to render a "reasoned" award as required by the parties' agreement.

Affinity/Waterfield's Response: An arbitrator is not required to explain the reason for a damage award – a flatly wrong proposition when the parties have required a "reasoned" award.

These issues are treated in more detail below.

## II. Argument

### A. Affinity/Waterfield's Opposition Mischaracterizes AFI's Arguments

Much of Affinity/Waterfield's Opposition is spent on a lengthy and distorted recitation of the underlying facts, despite its repeated assertion that they are irrelevant. Affinity/Waterfield also goes to great lengths in its opposition to defend against arguments AFI never made – public policy, integrity of the arbitrators, and an opportunity to be heard. Finally, Affinity/Waterfield argues that AFI is merely trying to relitigate an unfavorable result and has attempted to use D.C. Code § 16-4423(b)'s "reasonable ground" language to assert that this court should undertake a *de novo* review of the proceedings.

Neither is the case. AFI's claims, instead, center around two specific deficiencies in the award under applicable law. First, the arbitrators exceeded their powers by: (1) ignoring the plain unambiguous language of the Services Agreement in the refund of a "guaranteed" deposit paid to AFI's parent; and (2) awarding $1.5M in damages in order to reach a "fair result" without providing a reasoned opinion, as required by the parties. Second, the arbitrators acted in manifest disregard of the law by: (1) ignoring established principles of law and awarding damages to a party it explicitly determined had "failed to perform" certain of its obligations and caused termination of the Agreement; and (2) awarding damages that the Panel recognized were not proved, or were barred, by the agreement. Neither argument requires the assertion, as Affinity/Waterfield suggests, that the arbitrators themselves were incompetent. Most importantly, a decision on these issues does not require *de novo* review of the proceedings. See, e.g., Amanda Bent Bolt Co. v. International Union, 451 F.2d 1277, 1279-80 (6th Cir. 1971)(reversing confirmation of an arbitration award without reviewing merits of arbitration award where arbitrator exceeded powers with an award that failed to draw from essence of the

contract.)  In its arguments, AFI has afforded the Award the "significant amount of deference" to which Affinity/Waterfield correctly argues it is entitled.  (Opposition at 13).

### B. Affinity/Waterfield Failed to Justify the Panel's Disregard of the Plain Language of the Contract in its Refund of the $1.25M Deposit

In the Motion to Vacate, AFI argued that the Panel exceeded its authority by ignoring the plain and unambiguous contract language stating that the $1.25M paid at the outset of the Services Agreement was a "guaranteed, non-refundable payment. . . ."  (Services Agreement § 6.1(e).)  Affinity/Waterfield notes that this Court must defer to arbitrators where they "arguably" were construing or applying the contract, yet Affinity/Waterfield makes no claim that the Panel did so here.  The Award did not purport to construe Section 6.1(e) and Affinity/Waterfield makes no argument that the Panel could have interpreted the plain language of Section 6.1(e) to make the $1.25M payment refundable.  Instead, Affinity/Waterfield gives only the conclusory statement that "the Panel plainly construed and applied the contract to the facts presented," citing to Verizon Washington, D.C., Inc. v. Communications Workers of America, AFL-CIO, 571 F.3d 1296, 387 U.S.App. D.C. 213 (2009) for support.  Verizon, however, is inapposite.

In Verizon, the court dealt with a clear matter of interpretation: whether a 150-day limit on an award of retroactive pay was to begin from the date of the award, or from the date of the grievance.  The arbitrator was tasked with determining whether the retroactive period applied where one party had delayed the arbitration.  The Court of Appeals reversed the District Court's grant of summary judgment vacating the award because it determined that the arbitrator's award accepted CWA's interpretation of the contract over Verizon's and, in so doing, drew its essence from the contract. *Id*. at 1302.  Thus, in Verizon, the arbitrator was applying or construing the relevant contract term regardless of which interpretation he ultimately chose.

Here, unlike Verizon, the Panel ignored "the plain language of the contract" entirely. United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 38 (1987)("The arbitrator may not ignore the plain language of the contract. . . .")  This is one of the narrow circumstances that justifies setting an award aside because, as Verizon notes, an arbitrator cannot "ignore the contract and dispense his own brand of industrial justice." Verizon 571 F.3d at 1302 (quoting Howard Univ. v. Metro. Campus Police Officer's Union, 512 F.3d 716, 720, 379 U.S. App. D.C. 282 (D.C. Cir. 2008)); see also Amanda Bent Bolt Co. v. International Union, 451 F.2d 1277, 1279-80 (6th Cir. 1971)("[An] award is legitimate only so long as it draws its essence from the collective bargaining agreement.  When the arbitrator's words manifest an infidelity to this obligation, courts have no choice but to refuse enforcement of the award.")(quoting United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 597 (1960)).

There is no ambiguity in Section 6.1(e), and Affinity/Waterfield has not even argued that the Panel was interpreting it.  The Panel was not "arguably construing or applying the contract." Verizon, 571 F.3d at 1302.  Thus, Verizon is of no assistance to Affinity/Waterfield in avoiding the clearly established rule that arbitrators exceed their authority when they act in contradiction of the contract.

Nor has AFI waived its ability to argue that the Award was invalid because it ordered the refund of monies paid to an entity not party to the arbitration.  Both of the arbitration statutes under which AFI makes its motion to vacate specifically provide the opportunity to challenge an award in court where arbitrators have exceeded their powers.  See D.C. Code § 16-4423(a); 9 U.S.C. § 10(a)(4).  Exceeding ones powers goes to the authority of the arbitrator to act and is not waived if not raised until that error occurs.  Brijmohan v. State Farm Ins. Co., 92 N.Y.2d 821, 822-23 (1998).  Affinity/Waterfield's waiver argument is supported only by a case where a party

402584288v10

tried to withdraw a matter from arbitration after an adverse result and another where the losing party claimed an issue was never submitted to the arbitrator.

In the refund of the non-refundable deposit, the Panel "disregarded or modified unambiguous contract provisions or based an award upon [its] own personal notions of right and wrong," and, in so doing, failed to act within the authority provided by the parties. Choice Hotels Int'l, Inc. v. SM Prop. Mgmt., LLC, 519 F.3d 200, 212 (4th Cir. 2008).

### C. The Panel Manifestly Disregarded Clear Principles of Law

Affinity/Waterfield recognizes that the "manifest disregard" standard is well-established under both federal and District of Columbia arbitration law[1] but has provided no response to AFI's showing that the Panel manifestly disregarded the law by ignoring the established rule that a party in breach may not recover except to the extent it conferred a benefit to the other party that it would be unjust for the innocent party to retain. United States ex rel. Palmer Constr., Inc. v. Cal State Elec., Inc., 940 F.2d 1260, 1261-62 (9th Cir. 1991). See also Horton v. Horton, 487 S.E.2d 200, 205 (Va. 1997) ("[A] party who has materially breached a contract is not entitled to recover damages for the other party's subsequent nonperformance of the contract.").[2] Instead, Affinity/Waterfield recasts AFI's argument as one claiming the Panel erred because it did not explicitly find that AFI breached the agreement.

---

[1] A1 Team USA Holdings, LLC v. Bingham McCutchen LLP, 998 A.2d 320, 327 (D.C. 2010) found that "reasonable grounds" could incorporate the judicially recognized "public policy" ground to vacate an award. The judicially created doctrine of "manifest disregard" would fall in the same category.

[2] The Panel found, inter alia, that there were "serious issues" about Affinity/Waterfield's performance; there were "various failures of the parties to perform"; that one could conclude that "each side was in default of its obligations"; and that "various failures … were occurring concurrently." Affinity/Waterfield's claim that its breaches are irrelevant because it at one time made a claim for rescission is an after-the-fact rationalization. The case was tried as breach of contract, with reliance type damages. Rescission is irrelevant because it is a remedy based on voiding the contract and one that requires both parties be placed in the position they were in at the time the contract was made. See Dean v. Garland, 779 A.2d 911, 915 (D.C. 2001)("Rescission is an equitable remedy, and a party seeking rescission must restore the other party to that party's position at the time the contract was made."); 13 CORBIN ON CONTRACTS § 67.8(8) (Joseph M. Perillo, ed., rev. ed. 2003). Affinity/Waterfield made no effort to restore AFI to its pre-contractual position, nor did the Panel.

Affinity/Waterfield's construction ignores the very point of the argument AFI has presented. The $1.5M portion of the award should be overturned, not because the Panel did not find that AFI breached, but because the Panel found that Affinity/Waterfield breached and then ignored the consequences of that breach, in "manifest disregard" of the governing law. LaPrade v. Kidder, Peabody & Co., 246 F.3d 702, 706 (D.C. Cir. 2001); Schwartz v. Chow, 867 A.2d 230, 233-35 (D.C. 2005); Lopata v. Coyne, 735 A.2d 931, 940 (D.C. 1999).[3]

### D. The Panel Failed to Provide a Reasoned Award

Affinity/Waterfield fails to identify in its opposition any justification for the Panel's failure to provide the reasoned award required by the parties. They do not argue that a "reasoned" award was not required here, because they cannot.

Nor does Affinity/Waterfield refute AFI's showing that the award was not "reasoned." Affinity/Waterfield merely substitutes its own reasoning where none was provided. This point is made clear by Affinity/Waterfield's inability to quote a single portion of the award to support its claim that the opinion was "reasoned." Instead, Affinity/Waterfield states that the "Panel reasoned that each of the parties bore some responsibility for the failure of the relationship" and then asserts that "Defendant's wrongful conduct was contrary to the conduct one expected by a business organization." Neither of these rationales would justify a $2.75M award where the Panel never found AFI was in breach, did find that Affinity/Waterfield caused the termination of the contract, and gave no rationale for the $1.5M in damages in addition to the deposit refund.

---

[3] Affinity/Waterfield failed to refute AFI's additional argument that the Panel manifestly disregarded the law by awarding $1.5M to Affinity/Waterfield because it failed to obtain "the level of benefit it anticipated," despite the Panel's recognition that lost opportunity damages were barred by the contract. (Panel Award at 3.)

7

### III. Conclusion

The Motion to Vacate should be granted. An award that refunds a non-refundable deposit, ignores established law on awarding damages to a party that the panel found in breach and to have abandoned the contract, and provides no reasoning at all for additional damages of $1.5M cannot be allowed to stand. Affinity/Waterfield has admitted as much by not even arguing that the Panel was construing an ambiguous contract provision regarding the "guaranteed" deposit and citing nothing from the award to demonstrate that it was "reasoned" when it awarded damages to a party that caused the termination of the contract by putting the deposits of AARP members in a bank seized by the FDIC/OTC.

For the foregoing reasons, as well as those set forth in AFI's Statement of Points and Authorities in Support of Motion to Vacate Arbitration Award, AFI respectfully requests that this Court: (1) deny Plaintiffs' petition to confirm the Award; (2) vacate the Award pursuant to Sections 16-4423(a) and (b) of the District of Columbia Arbitration Act and Section 10(a)(4) of the Federal Arbitration Act; and (3) award AFI its attorney's fees and costs of this action pursuant to Section 16-4425(c) of the District of Columbia Arbitration Act.

402584288v10

Dated: January 25, 2011                              Respectfully submitted,


                                                     /s/ Jack McKay
                                                     Jack McKay, Esq. D.C. Bar # 159335
                                                     PILLSBURY WINTHROP SHAW PITTMAN LLP
                                                     2300 N Street, N.W.
                                                     Washington, D.C. 20037
                                                     Telephone: 202-663-8000
                                                     Facsimile: 202-663-8007
                                                     E-mail: jack.mckay@pillsburylaw.com
                                                     *Counsel for Defendant AARP Financial, Inc*.


## IV.    ORAL HEARING

AFI respectfully requests an oral hearing on its Motion to Vacate and Plaintiff's Motion to Confirm.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 25th day of January, 2011, a true and correct copy of the foregoing Reply in Support of Motion to Vacate Arbitration Award will be electronically filed with the Clerk of the Court using the DCD/ECF system which sent notification of such filing to the following:

>Ulka Patel Shriver, Esq.
>Nealon & Associates, P.C.
>119 North Henry Street
>Alexandria, VA 22314
>*Local Counsel for Affinity Financial Corporation*
>*and Waterfield Financial Services, Inc.*
>
>Frederick Dorwart, Esq.
>John D. Clayman, Esq.
>Paul DeMuro, Esq.
>Frederick Dorwart Lawyers
>Old City Hall
>124 East Fourth Street
>Tulsa, Oklahoma 74103-5010
>*Counsel for Affinity Financial Corporation*
>*and Waterfield Financial Services, Inc.*

>/s/ Jack McKay
>Jack McKay, Esq. D.C. Bar # 159335
>PILLSBURY WINTHROP SHAW PITTMAN LLP
>2300 N Street, N.W.
>Washington, D.C. 20037
>Telephone: 202-663-8000
>Facsimile: 202-663-8007
>E-mail: jack.mckay@pillsburylaw.com
>*Counsel for Defendant AARP Financial, Inc.*