UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AFFINITY FINANCIAL CORPORATION *et al.*, | : : : | |
| Petitioners, | : : | Civil Action No.: 10-2055 (RMU) |
| v. | : : | Re Document Nos.: 1, 3 |
| AARP FINANCIAL, INC., | : : | |
| Respondent. | : | |

# MEMORANDUM OPINION

GRANTING THE PETITION TO CONFIRM THE ARBITRATION AWARD;
DENYING THE RESPONDENT'S MOTION TO VACATE THE ARBITRATION AWARD

## I. INTRODUCTION

This matter is before the court on a petition to confirm an arbitration award and the respondent's motion to vacate the arbitration award. The petitioners, Affinity Financial Corporation and Waterfield Financial Services, seek an order confirming their receipt of an arbitration award. The respondent moves for an order vacating that same award. Because the arbitration panel did not exceed its authority or manifestly disregard the law, the court grants the petition and denies the respondent's motion.

## II. FACTUAL & PROCEDURAL BACKGROUND

The petitioners are Affinity Financial Corporation ("Affinity") and Waterfield Financial Services ("Waterfield"). Pet. ¶ 1. The respondent is AARP Financial, Inc. ("respondent" or "AARP"). *Id.* ¶ 2. In August 2006, Affinity entered into a contract ("the Agreement") with the respondent under which Affinity would provide financial services to AARP members. *Id.* ¶ 3. Affinity then assigned its rights under the Agreement to Waterfield. *Id.* ¶ 4.

The Agreement required any dispute between the parties to be resolved by arbitration. *Id.*; Respt.'s Opp'n Ex. A ("Agreement") § 9.1. The Agreement granted the arbitrators the discretion to "fashion appropriate relief," which included monetary damages and equitable relief. Agreement § 9.2.

Following a dispute between the parties, Affinity commenced arbitration proceedings against the respondent on February 11, 2009. Pet. ¶ 10. The arbitration took place before a panel of three arbitrators ("the Panel") over the course of a four-day period at the offices of the respondent's counsel in Washington, D.C. *Id.* ¶ 7. On October 27, 2010, the Panel issued its written decision ("the Award"), in which it unanimously found in favor of the petitioners. *Id.* ¶ 15.

In the Award, the Panel noted that it was difficult to pinpoint the moment when any one party "crossed the line and breached the Agreement when the other party was not in breach." Respt.'s Opp'n Ex. E. ("Award") at 3. Accordingly, the Panel stated that "one could readily conclude that both parties were in default during various points during the life of the contract." *Id.* In calculating the total amount of damages, the Panel concluded that the fair result would be for Affinity to recover "some portion of the money expended by Affinity in getting its planned program up and running" in reliance on the contract. *Id.* Ultimately, "considering the law and the equities," the Panel awarded a total of $2.75 million in damages to the petitioners. *Id.*

Affinity and Waterfield now petition this court under 9 U.S.C. § 9 and D.C. Code § 16-4422 for an order confirming the Award. *See generally* Pet. The respondent filed an opposition, *see generally* Respt.'s Opp'n to Pet. ("Respt.'s Opp'n"), and a contemporaneous motion under 9 U.S.C. § 10 and D.C. Code § 16-4423(b) to vacate the arbitration award, *see generally* Respt.'s Mot. to Vacate the Arbitration Award ("Respt.'s Mot."). Both parties also request an award of

reasonable attorney's fees and post-judgment interest under D.C. Code § 16-4225(c). Pet. ¶ 19; Respt.'s Reply at 8. With the petition and the respondent's motion now ripe for review, the court turns to the parties' arguments and the relevant legal standards.

## III. ANALYSIS

### A. The Court Grants the Petition to Confirm the Arbitration Award and Denies the Respondent's Motion to Vacate the Arbitration Award

Both federal and local law instruct a court to confirm an arbitration award unless the award is vacated. *See* 9 U.S.C. § 9; D.C. CODE § 16-4422. This court, therefore, will grant the petition to confirm the award only if it denies the respondent's motion to vacate the award (and vice versa). The court thus examines the petition to confirm and the respondent's motion to vacate simultaneously.

#### 1. Legal Standard for Vacatur of an Arbitration Award

The judicial review of arbitration awards is extremely limited. *Kurke v. Oscar Gruss & Son, Inc.*, 454 F.3d 350, 354 (D.C. Cir. 2006). The court "do[es] not sit to hear claims of factual or legal error by an arbitrator" in the manner that an appeals court would review a decision of a lower court. *Teamsters Local Union No. 61 v. United Parcel Serv., Inc.*, 272 F.3d 600, 604 (D.C. Cir. 2001) (quoting *Kanuth v. Prescott, Ball & Turben, Inc.*, 949 F.2d 1175, 1178 (D.C. Cir. 1991)). Rather, under the Federal Arbitration Act ("FAA"), a court may vacate an arbitration award only

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

3

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). The party challenging an arbitration award bears the burden of demonstrating that one of the statutory grounds set forth in the FAA exists. *See Al-Harbi v. Citibank, N.A.*, 85 F.3d 680, 682 (D.C. Cir. 1996).

In addition to the statutory grounds for vacatur, this Circuit has also stated that vacatur of an arbitration award is permitted if the arbitrator acted in "manifest disregard of the law,"[1] *Al-Harbi v. Citibank, N.A.*, 85 F.3d 680, 682 (D.C. Cir. 1996) (quoting *Kanuth*, 949 F.2d at 1178), or if the award is "contrary to 'some explicit public policy' that is 'well defined and dominant' and ascertained 'by reference to the laws or legal precedents,'" *LaPrade v. Kidder, Peabody & Co.*, 246 F.3d 702, 706 (D.C. Cir. 2001) (quoting *Cole v. Burns Int'l Sec. Servs.*, 105 F.3d 1465, 1486 (D.C. Cir. 1997)). To vacate an arbitration award on the basis of an arbitrator's manifest disregard of the law, the court "must find that (1) the arbitrator[] knew of a governing legal principle yet refused to apply it or ignored it altogether and (2) the law ignored by the arbitrator[] was well defined, explicit, and clearly applicable to the case." *Id.* (quoting *DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 821 (2d Cir. 1997)).

---

[1] The Supreme Court recently held that the provisions set forth in 9 U.S.C. § 10 "provide the FAA's exclusive grounds for expedited vacatur." *Hall Street Assocs. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008). In light of this ruling, it remains unclear whether the "manifest disregard" standard remains a viable basis for relief. *See Stolt-Nielson S.A. v. AnimalFeeds Int'l Corp.*, 130 S. Ct. 1758, 1768 n.3 (2010) (declining to decide whether the "manifest disregard" doctrine continues to survive as an independent ground); *Regnery Publ'g, Inc. v. Miniter*, 368 F. App'x 148, 149 (D.C. Cir. 2010) (assuming without deciding that the "manifest disregard" doctrine survives *Hall Street*); *Republic of Arg. v. BG Grp. PLC*, 2011 WL 182138 at *6 n.6 (D.D.C. Jan. 21. 2011) (noting that the Circuit has not resolved this issue). In the absence of any guidance from the Supreme Court or the Circuit, it is prudent to assume that the "manifest disregard" standard remains good law. In any event, because the petitioners in this case have not established the arbitrators' "manifest disregard" of the law, *see infra* Part III.A.3, the court need not decide once and for all the viability of the "manifest disregard" standard in order to resolve this case.

## 2. The Panel Did Not Exceed Its Powers

The respondent contends that the Panel exceeded its powers under 9 U.S.C. § 10(a)(4) when it awarded $2.75 million to the petitioners. Respt.'s Opp'n at 8. The respondent argues that the panel ignored relevant contractual provisions when it referred to a $1.25 million royalty payment as a partial basis of its calculation of damages. *Id.* The petitioners counter that the Panel's award of damages was properly calculated by weighing the relevant principles of law and equity, and that this court may not second-guess its legal conclusions. Pets.' Reply at 10.

This Circuit has explained that it is particularly necessary to accord the "narrowest of readings to the excess-of-authority provision" of 9 U.S.C. § 10(a)(4). *Davis v. Chevy Chase Fin. Ltd.*, 667 F.2d 160, 165 (D.C. Cir. 1981) (internal quotation omitted). The powers of an arbitration panel are delineated by the parties' agreement to submit to arbitration. *Id.* Here, the Agreement granted the arbitrators the wide discretion to "fashion appropriate relief when the circumstances warrant" doing so. Agreement § 9.1. This broad grant of authority empowered the panel to award both monetary damages and equitable relief. *Id.* § 9.2. The award of $2.75 million constitutes monetary "damages" as contemplated by § 9.2 of the Agreement. Despite the respondent's reluctance to accept the Panel's decision,[2] the respondent does not argue that the Award overstepped the bounds of the Panel's powers under § 9.2. Because the award of monetary damages fell within the category of relief the Panel was empowered to grant, the Panel did not exceed its powers under 9 U.S.C. § 10(a)(4). *See Kanuth*, 949 F.2d at 1180-81 (holding that an arbitration panel acted within its powers when it crafted a remedy of monetary damages pursuant to the arbitration agreement).

---

[2] Here, the respondent argues that the Panel misconstrued a separate provision of the contract when it made reference to a $1.25 million royalty payment. However, a court is required to confirm an award even if the arbitrator ostensibly misconstrued the contract. *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987).

5

### 3. The Panel Did Not Manifestly Disregard the Law

The respondent argues that the Panel "manifestly disregarded" the law because it improperly construed the contract in three ways: (1) by ignoring the respondent's insistence that a breaching party may generally not recover against a non-breaching party, (2) by awarding damages that were excessive in light of the contract's prohibitions on certain types of damages and (3) by failing to explain its award of damages. Respt.'s Opp'n at 11-14. The petitioners counter by noting that the respondent is simply attempting to re-litigate the issues that were brought before the Panel. Pets.' Reply at 2. The petitioners also contend that "manifest disregard" of the law requires something more than legal error, which is all that the respondent alleges here. *Id.* at 14-15.

To demonstrate that the Panel acted in manifest disregard of the law, the respondent must show that the Panel "knew of a governing legal principle, yet refused to apply it or ignored it altogether" when ruling on its claims. *LaPrade*, 246 F.3d at 706. The Supreme Court has emphasized that even legal error does not require vacatur of the award. *United Steelworkers v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 599 (1960). Rather, "[i]t is the arbitrator's construction which was bargained for; and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his." *Id.*; *see also Kanuth*, 949 F.2d at 1178. Thus, "as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987).

The respondent first claims the Panel failed to recognize the governing legal rule that a breaching party (allegedly, the petitioners) may not recover from a non-breaching party (the respondent) absent unjust enrichment. Opp'n at 14. If the respondent was in fact a non-breaching party, then this rule might apply. In its decision, however, the Panel concluded that it was difficult to identify any one moment when one party was in breach of the Agreement while the other was not. Award at 3. The respondent's argument thus fails because the arbitrators clearly did not consider the respondent to be a non-breaching party. *Id.* Because it is clear at first glance that the legal rule the respondent cites is not applicable to the present dispute, it follows that the Panel did not refuse to apply a "governing legal principle." *LaPrade*, 246 F.3d at 706. Therefore, the respondent's first argument fails to show that the Panel "manifestly disregarded" the law.

Turning to respondent's second argument – that the Panel's award of damages was excessive – this court sees no need to second-guess the Panel's construction of the contract. The respondent's dissatisfaction with the Panel's imposition of damages is not relevant to the present inquiry. *United Steelworkers*, 363 U.S. at 599 (holding that a court's disagreement with an arbitrator's interpretation of a contract is not a ground for vacatur). The respondent's argument therefore fails on the simple ground that legal error is insufficient to require vacatur of the Award. *United Paperworkers*, 484 U.S. at 38.

Finally, the respondent argues that the Panel manifestly disregarded the law because "no findings or conclusions were made; no connection was made between the Award and the damages sought by Affinity; and no explanation was provided for the principles of law" upon which the award was based. Respt.'s Opp'n at 11-12. An arbitration panel is under no obligation to provide an explanation of its award. *Kanuth*, 949 F.2d at 1179; *Sargent v. Paine*

*Webber Jackson & Curtis, Inc.*, 882 F.2d 529, 532 (D.C. Cir. 1989). Thus, the Panel's failure to do so does not constitute a "manifest disregard" of the law.

Ultimately, the respondent here is clearly engaged in an attempt to relitigate each and every argument that was rejected by the Panel. By characterizing its every disagreement with the Panel's Award as a "manifest disregard" of the law, the respondent hopes that this court will grant the respondent a mulligan in the form of *de novo* review. The respondent's arguments run counter to well-established public policy because *de novo* review would undermine the entire concept of arbitration as a private method of resolving grievances. *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 625-26 (1985) ("The liberal federal policy favoring arbitration agreements is at bottom a policy guaranteeing the enforcement of private contractual agreements.") (quotation marks and alterations omitted). In any event, the respondent's arguments are refuted by even the most cursory review of the Panel's decision. Accordingly, there is no reason to believe that the Panel's Award suffered from any infirmity that would allow this court to vacate the Award under federal law.

### 4. There Is No "Reasonable Ground" to Vacate the Award

The respondent suggests that D.C. Code § 16-4423(b) allows a court to set aside an arbitration award in the event that it sees any "reasonable ground" for doing so. Respt.'s Opp'n at 12. In contrast, the petitioners argue that this statutory provision does not provide an independent legal ground for *de novo* review of an arbitrator's reward. Pets.' Reply at 12.

D.C. Code § 16-4423(b) states that a court "may vacate an award made in the arbitration proceeding on other reasonable ground[s]." At least one member of this court has read section 16-4223(b) narrowly. *Foulger-Pratt Residential Contracting, LLC v. Madrigal Condos., LLC*, 2011 WL 1576095, at *16 (D.D.C. Apr. 27, 2011). Specifically, this court has adopted the view

that § 16-4423(b) does not authorize *de novo* review of an arbitrator's award. *Id.* (relying on the D.C. Court of Appeals' interpretation of § 16-4223(b) in *A1 Team USA Holdings, LLC v. Bingham McCutchen, LLP*, 998 A.2d 320, 322 (D.C. 2010)). Rather, both federal and state courts have interpreted this provision such that it does not expand the "narrow and extremely limited" scope of judicial review of an arbitration award. *Foulger-Pratt*, 2011 WL 1576095, at *16; *A1 Team*, 998 A.2d at 326.

The respondent's argument, if adopted, would radically undermine the stability and finality of arbitration awards because it would allow dissatisfied parties to circumvent the clear limitations on judicial review that are set forth in 9 U.S.C. § 10(a). This court therefore refuses to read § 16-4223(b) as anything more than the recognized principle that an arbitration award may be set aside if it manifestly disregards some clear expression of binding law or public policy. *See Foulger-Pratt*, 2011 WL 1576095, at *16; *A1 Team*, 998 A.2d at 327. Accordingly, the court concludes that the respondent has not demonstrated that the Award should be vacated. The court therefore grants the petition to confirm the arbitration award and denies the respondent's motion.

### B. The Court Grants the Petitioners Reasonable Attorney's Fees

Both parties have requested an award of reasonable attorney's fees as well as post-judgment interest. Pet ¶ 19; Respt.'s Reply at 8. In a judicial proceeding to confirm or vacate an arbitration award, the court "may add reasonable attorney's fees and other reasonable expenses of litigation incurred" to its judgment. D.C. CODE § 16-4425(c); *Foulger-Pratt*, 2011 WL 1576095, at *22 (granting attorney's fees after confirming an arbitration award). In light of the respondent's fruitless and no doubt expensive efforts to relitigate its claim, the court grants the

9

petitioners leave to file a motion for an award of reasonable attorney's fees and other reasonable expenses that have been incurred in this judicial proceeding.

## IV.  CONCLUSION

For the foregoing reasons, the court affirms the petition to confirm the arbitration award and denies the respondent's motion to vacate the arbitration award.  Furthermore, the court grants the petitioners leave to file a motion requesting reasonable attorney's fees and other reasonable expenses that have been incurred in this judicial proceeding.  An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 1st day of July, 2011.

RICARDO M. URBINA
United States District Judge