UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AFFINITY FINANCIAL CORPORATION *et al.*, | : : : | |
| Petitioners, | : : | Civil Action No.:   10-2055 (RMU) |
| v. | : : | Re Document Nos.:  18, 21 |
| AARP FINANCIAL, INC., | : : | |
| Respondent. | : | |

**MEMORANDUM OPINION**

GRANTING THE PETITIONER'S MOTION FOR ATTORNEY'S FEES AND COSTS; GRANTING THE
PETITIONER'S SUPPLEMENTAL MOTION FOR ATTORNEY'S FEES AND COSTS

This matter is before the court on the petitioners' two motions for attorney's fees and costs. The petitioners are Affinity Financial Corporation and Waterfield Financial Services. Pet. ¶ 1. The respondent is AARP Financial, Inc. In August 2006, Affinity entered into a contract with the respondent under which Affinity would provide financial services to AARP members. *Id.* ¶ 3. Affinity then assigned its contractual rights to Waterfield. *Id.* ¶ 4. Following a contractual dispute, the parties agreed to undergo arbitration. *Id.* ¶ 6. In October 2010, a panel of three arbitrators unanimously found in favor of the petitioners and awarded them a total of $2.75 million in damages. Resp.'s Opp'n, Ex. E at 3.

Soon thereafter, the petitioners sought an order from this court to affirm the award, *see generally* Pet., and the respondent filed a contemporaneous motion to vacate the award, *see generally* Resp.'s Mot. to Vacate the Arbitration Award. In addition, both parties requested an award of reasonable attorney's fees and costs under D.C. Code § 16-4225(c). Pet. ¶ 19; Resp.'s Reply at 8. In July 2011, this court granted the petition to affirm the arbitrator's award and

denied the respondent's motion. *See generally* Mem. Op. (July 1, 2011). The court also granted the petitioners leave to seek reasonable attorney's fees, costs and post-judgment interest. *Id.* at 9-10. Four weeks later, the respondent filed a notice of appeal. *See generally* Notice of Appeal.

The petitioners have now filed two motions that collectively seek $30,419.82 in attorney's fees and litigation costs.[1] *See generally* Pets.' Mot. for Atty's Fees; Pets.' Suppl. Mot. for Atty's Fees. The respondent contends that the court's underlying decision to confirm the arbitration award was incorrectly decided and is therefore pursuing an appeal. Resp.'s Supp. Opp'n at 1. For the purposes of the present motions, however, the respondent stipulates that the amount of attorney's fees and costs is reasonable.[2] *Id.*

In a judicial proceeding to confirm or vacate an arbitration award, the court "may add reasonable attorney's fees and other reasonable expenses of litigation incurred" to its judgment. D.C. CODE § 16-4425(c); *Foulger–Pratt Presidential Contracting, LLC, v. Madrigal Condos.*, 2011 WL 1576095, at *22 (D.D.C. Apr. 27, 2011) (granting attorney's fees after confirming an arbitration award). To receive such an award, Federal Rule of Civil Procedure 54(d) requires that a party file a motion with the court. FED. R. CIV. P. 54(d)(2)(A). That motion "must specify the judgment and the statute, rule, or other grounds entitling the movant to the award." FED. R. CIV. P. 54(d)(2)(B)(ii). It must also state the amount sought in attorney's fees or provide a fair estimate of such amount. FED. R. CIV. P. 54(d)(2)(B)(iii); *see also Herbin v. District of Columbia*, 2006 WL 890673, at *2 (D.D.C. Apr. 4, 2006).

---

[1] The petitioners' second motion fixes a minor error that was present in their first motion, such that the two motions may effectively be treated as one.

[2] It is the court's understanding that the respondent seeks an expeditious judgment on the petitioners' motions so that the respondent may simultaneously appeal this court's affirmance of the arbitration award and its award of attorney's fees and costs.

The petitioner has filed proper motions that specify both the judgment and the statute that entitle the petitioners to the award of attorney's fees and other reasonable costs. *See generally* Pets.' Mot. for Atty's Fees; Pets.' Supp. Mot. for Atty's Fees. The petitioner has submitted affidavits and detailed billing records documenting the number of hours the petitioners' counsel expended on this litigation. Pets.' Mot. for Atty's Fees, Ex. A, A-2; Pets.' Supp. Mot. for Atty's Fees at 4-15. In addition, the petitioners have shown that their counsel's billing rates were within the range of hourly fees suggested by the Laffey Matrix, a fact that strongly suggests that their hourly fees are consonant with prevailing market rates.[3] *See Covington v. District of Columbia*, 57 F.3d 1101, 1109 (D.C. Cir. 1995); *Rooths v. District of Columbia*, 2011 WL 2539292, at *4 (D.D.C. Aug. 9, 2011); Pets.' Mot. for Atty's Fees, Ex. A-1. The court has reviewed these submissions and concludes that the petitioners' request for fees and costs is reasonable.

Accordingly, the court grants the petitioners' motions and awards them $30,419.82 in attorney's fees and litigation costs. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 7th day of October, 2011.

        RICARDO M. URBINA
        United States District Judge

---

[3] The "Laffey Matrix" is compiled by the Office of the United States Attorney for the District of Columbia, and it establishes a market rate for attorneys of various experience levels for particular "billing" years. It has its origin in the decision in *Laffey v. Nw. Airlines, Inc.*, 572 F. Supp. 354 (D.D.C. 1983), *aff'd in part, rev'd in part on other grounds*, 746 F.2d 4 (D.C. Cir. 1984).